UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE SAMANIEGO, CDCR #BG-7502, <br><br> Plaintiff, <br><br> v. <br><br> JESUS MORFIN, Correctional Officer, <br><br> Defendant. | Case No.: 24-cv-01442-TWR-MMP <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> [ECF No. 11] |

Before the Court is Plaintiff's motion for appointment of counsel. ECF No. 11. On August 12, 2024, pro se Plaintiff filed this 42 U.S.C. § 1983 action under the Eighth Amendment. ECF No. 1. Plaintiff was subsequently granted in forma pauperis status. ECF No. 3. Now, more than seven months after commencing this action, Plaintiff requested this Court appoint him counsel. ECF No. 11.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, to appoint counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); 28 U.S.C. § 1915(e)(1). In considering whether to appoint counsel in a civil suit, the court should assess: (1) whether the prisoner is likely to succeed on the merits and (2) whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer,* 560 F.3d at 970). "Neither of these factors is dispositive and both must be viewed together before

1

reaching a decision." *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff bears the burden of showing exceptional circumstances exist. *Palmer*, 560 F.3d at 970.

To support his request for counsel, Plaintiff offers two grounds: (1) he is a patient in a prison mental health program, and (2) he is illiterate and "has no assistance from the inmate population/jailhouse attorneys." ECF No. 11 at 1. Plaintiff asks for the Court to consider his prison mental health records as "confirmation of [his] disabilities." *Id.*

Plaintiff has not met his burden of demonstrating "exceptional circumstances." First, the Court has no record of Plaintiff's mental health condition, as Plaintiff has not filed any supporting documentation with this Court. However, even if Plaintiff filed supporting documentation, it is unlikely these records would show an "exceptional circumstance." *See Jones v. Kuppinger*, No. 13-cv-451-WBS-AC, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as . . . mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."). Even with supporting documentation of his mental health condition, Plaintiff would need to establish a nexus between that condition and his ability to articulate his claims. *See, e.g.*, *Torres v. Jorrin*, No. 20-cv-891-AJB-BLM, 2020 WL 5909529, at *3 (S.D. Cal. Oct. 6, 2020); *Meeks v. Nunez*, No. 13-cv-973-GPC-BGS, 2017 WL 476425, at *3–4 (S.D. Cal. Feb. 6, 2017).

Second, Plaintiff claims he is illiterate and has no prison assistance with his case. However, Plaintiff has litigated this case on his own for more than seven months. During that time, he filed a complaint that passed screening under 28 U.S.C. § 1915, a motion for leave to proceed in forma pauperis which was subsequently granted, a notice to correct his CDCR number on Court documents, and the motion to appoint counsel currently before this Court. ECF Nos. 1, 2, 10, 11. These filings are coherent and do not suggest illiteracy. Moreover, lack of education is insufficient grounds to appoint civil counsel. *See Torres*, 2020 WL 5909529, at *1 (finding a pro se plaintiff's learning disability and lack of legal knowledge insufficient to satisfy the "exceptional circumstances" standard because "these claims are typical of almost every pro se prisoner civil rights plaintiff").

  Next, the Court considers whether this case is so "exceptional" in its complexity to warrant the appointment of civil counsel. *See Cano*, 739 F.3d at 1218 (citing *Palmer,* 560 F.3d at 970). It is not. Plaintiff alleges on August 31, 2022, Defendant correctional officer violated the Eighth Amendment by subjecting Plaintiff to chemical spray without justification. ECF No. 1 at 3. The Court sees nothing in this factual circumstance so complex as to constitute an "exceptional circumstance." As previously discussed, Plaintiff's filings show he is capable of articulating simple Eighth Amendment claims.

  Finally, in assessing "exceptional circumstances," the Court should usually consider the likelihood of Plaintiff's success on the merits. However, in this case it is too early for the Court to determine likelihood of success on the merits. Discovery has not yet begun, and the Court's knowledge of the facts is limited to Plaintiff's allegations in the complaint. *See, e.g.*, *Reed v. Paramo*, No. 18-cv-361-JLS-LL, 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020); *Garcia v. Smith*, No. 10-cv-1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012).

  Though discussed above individually, the Court has also considered Plaintiff's arguments, factual circumstances, and the "exceptional circumstances" criteria cumulatively. Even when considered together, they do not present an exceptional circumstance. Given the lack of complexity of Plaintiff's claims and Plaintiff's demonstrated ability to proceed with this action despite alleged mental health conditions and illiteracy, it is not in the interest of justice to appoint Plaintiff counsel. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

  **IT IS SO ORDERED**.

Dated: April 10, 2025

                  _____
                  HON. MICHELLE M. PETTIT
                  United States Magistrate Judge