

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE SAMANIEGO, CDCR #BG-7502,<br><br>Plaintiff,<br><br>v.<br><br>JESUS MORFIN, Correctional Officer,<br><br>Defendant. | Case No.: 24-cv-01442-TWR-MMP<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER TO PERMIT FILING AN AMENDED COMPLAINT**<br><br>[ECF No. 29] |

This Report and Recommendation is submitted to United States District Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3 of the United States District Court for the Southern District of California. On January 9, 2026, Defendant filed a motion for summary judgment. ECF No. 24. In response, and pending before the Court, is pro se Plaintiff Eddie Samaniego's ("Plaintiff") ex parte motion for continuance, which the Court has liberally construed as a request to amend the Scheduling Order under Federal Rule of Civil Procedure ("Rule") 16 to permit filing an amended complaint. ECF Nos. 29,[1] 30 at 2. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A

---

[1] The Court construed Plaintiff's motion as two requests and separately granted Plaintiff's request for an extension of time to file an opposition to Defendant's motion for summary judgment under Rule 56(d). ECF No. 37.

document filed pro se is 'to be liberally construed.'") (citation omitted). Pursuant to the Court's briefing schedule, Defendant filed an opposition. ECF Nos. 30, 32. Plaintiff did not file a reply. The Court found the motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 30.

For the reasons set forth below, the Court **RECOMMENDS** the District Judge **DENY** Plaintiff's request to amend the Scheduling Order to permit filing an amended complaint.

## I.    RELEVANT BACKGROUND

### A.    Factual Allegations

Plaintiff's 42 U.S.C. § 1983 action arises from a cell extraction in August 2022, while Plaintiff was an inmate at Richard J. Donovan Correctional Facility ("RJD"). ECF Nos. 1; 24-1 at 7.[2] Defendant was a correctional officer at RJD. ECF No. 1 at 2. In his Complaint, Plaintiff alleges, due to suicidal ideations, he was placed in a holding cell in RJD's Facility-C gymnasium on August 31, 2022. *Id.* at 3. Plaintiff alleges after approximately eight hours in the holding cell, Defendant entered to transfer Plaintiff back to his assigned cell. *Id.* According to Defendant, Plaintiff "refused to leave" the holding cell due to perceived safety concerns. ECF No. 24-1 at 7–8. According to Defendant, Plaintiff told Defendant he was "going to go suicidal," so Defendant asked his partner to retrieve waist restraints to prevent Plaintiff from engaging in self-harm. *Id.* at 8.

When Defendant secured the right handcuff, Plaintiff claims it was applied too tightly and, combined with Plaintiff's mobility limitations, caused him to pull "and/or stumble" backward. ECF No. 1 at 3. Defendant asserts Plaintiff aggressively grabbed the waist restraint chain and actively pulled back, which Defendant reasonably perceived as resistant and assaultive and thereby justified the use of OC spray. ECF No. 24-4 ¶¶ 12–15. //

---

[2] Certain citations are to Defendant's Motion for Summary Judgment, and the Court provides them for context only.

## B.    Procedural History

In August 2024, Plaintiff filed a Complaint alleging a single cause of action for Eighth Amendment violations for cruel and unusual punishment and excessive force against Defendant Jesus Morfin. ECF No. 1. On September 19, 2024, the Court granted Plaintiff leave to proceed in forma pauperis, screened the Complaint, and directed the U.S. Marshals to effect service. ECF No. 3.

On April 11, 2025, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings ("Scheduling Order"). ECF No. 17. The Scheduling Order set a deadline of May 16, 2025 to amend the pleadings or add parties. *Id.* at ¶ 1. No motion to amend was filed.

The Scheduling Order has been amended on one occasion. On October 23, 2025, Defendant filed an ex parte Motion to Modify the Scheduling Order. ECF No. 21. Plaintiff did not file a response. On October 29, 2025, the Court granted in part and denied in part the motion, amending the Scheduling Order regarding expert-related deadlines only. ECF No. 23.

## C.    Plaintiff's Instant Motion to Amend

On January 9, 2026, Defendant filed a motion for summary judgment. ECF No. 24. The Court issued an order providing Plaintiff the *Klingele/Rand* Notice and setting a briefing schedule, requiring Plaintiff to file his opposition on or before February 26, 2026. ECF No. 25.

In response, Plaintiff filed the instant motion,[3] asserting he has "found an inmate to assist [him] in amending [his] operative pleading to more effectively state [his] claims for

---

[3] The proof of service on Plaintiff's motion is February 24, 2026. ECF No. 29 at 10. While the docketed date is March 6, 2026, it is timely under the mailbox rule. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 665–67 (9th Cir. 2005) (explaining the United States Supreme Court adopted the mailbox rule for pro se prisoners litigating in federal courts: prisoners' documents are deemed filed when they are delivered to prison officials for mailing); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

24-cv-01442-TWR-MMP

relief to include retaliation, intentional infliction of mental and emotional distress, negligent infliction of mental and emotional distress, Bane Act violations, and state law claims[.]" ECF No. 29 at 4–5. Furthermore, Plaintiff states he intends to "state a cause of action in an amended pleading that articulates a claim of retaliation and unnecessary use of force causing physical and emotional injuries . . . [and] claim a constitutional violation and seek only punitive damages as permitted under the PLRA." *Id.* at 5.

On March 16, 2026, the Court liberally construed Plaintiff's request to amend his complaint as a motion to amend the Scheduling Order under Rule 16 to permit filing an amended complaint and ordered Defendant to respond to the same. ECF No. 30 at 2.[4]

On March 30, 2026, Defendant filed an opposition, asserting Plaintiff's request to amend the Scheduling Order is untimely and not supported by good cause nor excusable neglect. ECF No. 32 at 11–16.

Though a reply was permitted, Plaintiff did not file a reply. *See* ECF No. 30.

## II.    LEGAL STANDARD

Here, Plaintiff requests to amend the Scheduling Order to permit filing an amended complaint. Plaintiff's request implicates three Rules: Rules 15, 16, and 6.

Pleading amendments are governed by Rule 15. Rule 15 provides "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Still, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Where, as here, the Court has entered a Scheduling Order and a party seeks to amend the pleadings *after* the deadline, the motion is controlled by Rule 16 and must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original). *See also Eastwood on behalf of M.E. v. Yamhill Cnty.*, No. 3:18-cv-0293-YY, 2019 WL 1246244, at *2 (D. Or. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 1246192 (D.

---

[4] As noted above, the Court separately granted Plaintiff's Rule 56(d) request. ECF No. 37.

24-cv-01442-TWR-MMP

Or. Mar. 18, 2019). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, if "the Court considered only Rule 15(a) without regard to Rule 16(b), it would render Scheduling Orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. June 16, 1999) (citation modified). Therefore, Rule 16 applies here. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Furthermore, a party moving to extend time after a Scheduling Order deadline has passed must also demonstrate excusable neglect under Rule 6. Rule 6 provides that an untimely request to amend the Scheduling Order requires a showing of excusable neglect:

(b) EXTENDING TIME.
(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

The Court uses a four-part balancing test, established in *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993), to determine if there has been excusable neglect:

The four factors are: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Mireles v. Paragon Sys., Inc.*, No. 13-cv-122-L-BGS, 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) (citation modified). "The weight assigned to the various *Pioneer* factors is

left to the court's discretion." *Id.*

## III.    ANALYSIS

Plaintiff seeks to amend the Scheduling Order. The Scheduling Order may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). Additionally, Plaintiff filed the instant motion on March 6, 2026. ECF No. 29. The Scheduling Order sets the motion to amend cutoff as May 16, 2025. ECF No. 17. Therefore, Plaintiff's request to amend the Scheduling Order to permit filing an amended complaint comes over *nine months* after the relevant deadline. A nine-month delay is undoubtedly an untimely request. Therefore, Plaintiff must show both good cause and excusable neglect. Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 6(b)(1)(B).

### A.    Plaintiff Does Not Make a Showing of Good Cause

Plaintiff has failed to demonstrate good cause to amend the Scheduling Order. The good cause analysis primarily "considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the party seeking to amend the Scheduling Order was not diligent, the inquiry ends. *Id.*

Construing Plaintiff's arguments liberally, Plaintiff makes three diligence-related arguments. First, Plaintiff obtained inmate assistance. Plaintiff argues another inmate can assist him "in amending [his] operative pleading to more effectively state [his] claims for relief[.]" ECF No. 29 at 4. Second, Plaintiff made a Public Records Act Request for video footage the day of the incident. *Id.* at 3–4. Third, the Court should waive the diligence requirement where Plaintiff no longer has law library access and no access to Lexis. *Id.* at 6–7.

First, Plaintiff's legal assistance from another inmate in pursuing his case is unmeritorious. "[P]ro se prisoner litigants do not enjoy an absolute right to have a jailhouse lawyer assist with legal representation[.]" *Nicklas v. Giordano*, No. 12-cv-2918-VAP-S, 2014 WL 3405833, at *8 (C.D. Cal. July 10, 2014) (citation omitted). Furthermore, the Court denied Plaintiff's motion for appointment of counsel in April 2025. ECF No. 13. The Court determined Plaintiff's filings up until that point were "coherent[,]" "do not suggest

illiteracy" and had been successful: "[Plaintiff] filed a complaint that passed screening . . . a motion for leave to proceed in forma pauperis which was subsequently granted, [and] a notice to correct his CDCR number on Court documents." *Id.* at 13. Plaintiff's going from unassisted to assisted by an inmate does not demonstrate diligence. Nor can Plaintiff be represented by a non-attorney. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *see also Reeder v. Knapik*, No. 07-cv-362-L-LSP, 2007 WL 925760, at *1 (S.D. Cal. Feb. 28, 2007). Indeed, as highlighted by Defendant, Plaintiff does not indicate *when* he obtained assistance or argue his lack of prior assistance is why he missed the motion to amend deadline. Plaintiff is proceeding pro se and obtaining help from a non-attorney does not establish diligence.

Second, while Plaintiff submitted a Public Records Act Request in January 2026, the Court determines this discovery-related inquiry does not, standing alone, demonstrate diligence. ECF No. 29 at 11. To demonstrate diligence, Plaintiff needs to show what he (a) did to meet the May 2025 motion to amend deadline and (b) what he has done since that deadline. *See Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee notes (1983 amendment)) ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' "); *Cervantes v. Zimmerman*, No. 17-cv-1230-BAS-NLS, 2019 WL 1129154, at *5 (S.D. Cal. Mar. 12, 2019) ("Good cause under Rule 16(b)(4) means that a pretrial deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'") (citation omitted).

Plaintiff does not demonstrate diligence. Plaintiff makes no showing of what he did, or did not do, to meet the May 2025 deadline through December 2025 to advance his case, and Plaintiff's late discovery request does not meet the Rule 16 diligence threshold. Plaintiff does not allege he submitted any discovery requests prior to his 56(d) motion. Nor does Plaintiff allege new facts, instead asserting "there are substantial materials facts" in dispute, but not indicating what facts these are nor when he discovered them. ECF No. 29 at 4.

24-cv-01442-TWR-MMP

Third, construing Plaintiff's library access argument liberally, the Court finds Plaintiff fails to show his lack of access to legal materials resulted in his delay and subsequent late request to amend. Plaintiff admits he has access to "Westlaw Next Correctional." *Id.* at 7. Lack of access to a preferred legal research tool does not give credence to Plaintiff's diligence. Nor does it excuse Plaintiff's nine-month delay. While "adequate law libraries or adequate assistance from persons trained in the law confer meaningful access . . . the access right is not an abstract, freestanding right to a law library or legal assistance." *Nasby v. Nevada*, 79 F.4th 1052, 1056 (9th Cir. 2023) (citation modified). Plaintiff provides no supporting information for when or how his law library access was modified. On this record, Plaintiff has not shown his difficulties accessing legal materials should excuse the diligence requirement to establish good cause.

In sum, Plaintiff fails to establish "good cause" for modifying the Scheduling Order.

**B.      Plaintiff Does Not Make a Showing of Excusable Neglect**

Plaintiff fails to establish "good cause," but even if Plaintiff did show good cause, he does not demonstrate excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The Court applies the *Pioneer* four-factor balancing test to analyze if there is excusable neglect.

First, Defendant argues he will be prejudiced if the Court amends the Scheduling Order to permit Plaintiff to file an amended complaint. Defendant explains if Plaintiff can add new claims to the case at this late stage of the litigation, the pending Motion for Summary Judgment will be mooted and the litigation will start over. ECF No. 32 at 14. Furthermore, Defendant argues, an amended complaint may require additional discovery and increased costs. *Id.* The Court agrees. On this sparse record, an amended complaint may require more discovery, depositions, and defense counsel resources, which Plaintiff has not shown is warranted here and thus would prejudice Defendant. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Plaintiff has not demonstrated he conducted any discovery against Defendant nor advanced his case until the instant filing—six months after the close of fact discovery and nine months after the deadline to amend his pleading passed. In the entirety of this litigation, Plaintiff's sole

24-cv-01442-TWR-MMP

claim has been an eighth amendment claim for violations for cruel and unusual punishment and excessive force against Defendant Jesus Morfin. In this instance, allowing Plaintiff to add various additional claims at this late stage, almost two years after the Complaint was filed, and based on unsupported allegations alone would prejudice Defendant. *See Trejo v. County of Imperial*, 20-cv-1465-DDL, 2024 WL 2338252, at *5 (S.D. Cal. May 22, 2024). The prejudice factor weighs against a finding of excusable neglect.

Second, the length of delay and impact on the proceedings also weigh against excusable neglect. Plaintiff waited to file the instant motion for over nine months after the motion to amend deadline. If the Court amends the Scheduling Order, the parties will likely require additional months to conduct depositions, discovery, and a likely motion for summary judgment from Defendant. Defendant has already deposed Plaintiff and filed a motion for summary judgment. On these facts and given the substantial delay toward resolution of the case, this factor weighs against finding Plaintiffs' neglect excusable.

Third, Plaintiff does not provide a reason for his delay, nor does the record provide insight into whether the delay was within his reasonable control. As explained above, Plaintiff's arguments regarding law library access and obtaining inmate assistance in his lawsuit are unpersuasive. Plaintiff does not explain when he obtained assistance, when his law library access changed, nor how either factor *directly* impacts his monthslong delay. This factor weighs against an excusable neglect finding. Fourth, on this record, the Court does not identify bad faith on behalf of the Plaintiff. This factor is neutral.

Accordingly, the Court finds the four factors balance against excusable neglect; thus, Plaintiff fails to show excusable neglect in his request to amend the Scheduling Order.

/ /

/ /

/ /

/ /

/ /

/ /

## IV.   CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Todd W. Robinson under 28 U.S.C. § 636(b) and Civil Local Rule 72.3 of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** the District Judge issue an Order:

1.   **APPROVING** and **ADOPTING** this Report and Recommendation; and

2.   **DENYING** Plaintiff's request to amend the Scheduling Order to permit filing an amended complaint.

**IT IS HEREBY ORDERED** any party to this action may file written objections with the Court and serve a copy on all parties no later than **July 10, 2026**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than **seven (7) days** after being served with written objections.

**IT IS SO ORDERED**.

Dated:  June 26, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge

24-cv-01442-TWR-MMP